IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SAVVY CIE, INC.           )

                           )

        Plaintiff,         )

                           )     Civil Action No: 24-cv-102

v.                         )

                           )

EDVISER, INC.          )

                           )

and                        )

                           )

BURR WARNE         )

                           )

        Defendants.      )

## ANSWER TO COMPLAINT

Defendants, Edviser, Inc. and Burr Warne in answer to plaintiff's complaint, states unto the court as follows:

## STATEMENT OF THE CASE

1.     Defendants allege the parties are governed by a Consulting and Advisory Agreement dated January 30, 2018. Acquisitions and Exit Advisory Strategies Inc., a Florida Corporation, David J. Koss, its President was the financial advisor to eAdviser, Inc. d/b/a Global Classroom, a Delaware Corporation and Burr Warne. David J. Koss, as an insider, possessed comprehensive knowledge and served as an advisor regarding business planning, financing, funding, partners, and alliances. His instrumental role extended across all stages of the defendant's software development process. The agreement is subject to its paragraph 15, Governing Law/Arbitration.

(a) Choice of Law. The laws of the State of Delaware governs this agreement (without giving effects to the conflicts of law principles).

(b) Choice of Forum. Both parties consent to the personal jurisdiction of the state and federal courts in Delaware.

(d) Arbitration. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules. The number of arbitrators is one (1). The place of arbitration shall be in Delaware. Delaware law shall apply. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

The financial investment is governed by a SAFE Agreement (Simple Agreement for Future Equity) with the Savvy Cle, Inc. supplied by Acquisitions and Exit Advisory Strategies Inc., and its President David J. Koss. The SAFE Agreement outlines the agreement between the parties on the investment and the remedy of the plaintiff to covert its investment into preferred stock in the defendant, eAdviser, Inc. The SAFE Agreement, (Simple Agreement for Future Equity) is governed also by the law of the State of Delaware.

## PARTIES AND JURISDICTIONAL STATEMENT

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted Burr Warne resides in Arlington, VA.

4. Adviser, Inc. d/b/a Global Classroom, is a Delaware Corporation. Acquisitions and Exit Advisory Strategies Inc., a Florida Corporation, and David J. Koss, its President were the financial advisor to Adviser, Inc. d/b/a Global Classroom, a Delaware Corporation is also the President/Principal of Savvy Cie, Inc. which presented the Safe agreement to defendants. Defendants allege, David J. Koss, its President, as the financial advisor to the defendants agreed to arbitrate any disputes through the American Arbitration Organization in Delaware and consented to the jurisdiction and venue in Delaware.

5. It is admitted Burr Warne resides in Arlington, VA.

6. It is admitted there is diversity of citizenship; however, the proper venue and subject matter

2

jurisdiction is in the State of Delaware.  The case should be referred for arbitration in the State of Delaware.

## FACTUAL BACKGROUND

7.      It is admitted that David J. Koss, the financial advisor to Adviser, Inc. d/b/a Global Classroom, and Burr Warne discussed future development of software and David J. Koss was instrumental and advised the defendants on the financial aspects of strategic partnerships and business alliances, financial reporting, and business projections and modeling.

8.      Paragraph 8 is neither admitted or denied and plaintiff is left to its proofs as to what was discussed. Defendant denies any fraud or inducement

9.      Paragraph 9 is denied as untrue.

10.     Paragraph 10 is denied as untrue.

11.     Paragraph 11 is denied as untrue.

12.     Paragraph 12 is neither admitted or denied and the plaintiff is left to its proofs.  David J. Koss was an insider in all aspects of the investment. This encompassed his active participation in presentations showcasing the new eAdviser platform to potential strategic partners and business alliances, as well as contributing to business plan and financial projections.

13.     Paragraph 13 is neither admitted or denied and plaintiff is left to its proofs.  David J. Koss was an insider and aware the initial investment was preliminary and the completion of the commercially viable product (versus a minimal viable product) would require additional funding which David Koss was was hired to advise.

14.     Paragraph 14 is neither admitted or denied and plaintiff is left to its proofs. David Koss was an insider and cognizant that the initial investment was preliminary and that the development of the new eAdviser platform would necessitate significant investment to transform it into a commercially viable product, as opposed to just a minimum viable product (MVP). This would include establishing a robust management and support structure capable of supporting thousands of videos, coaches and users.

15.     Paragraph 15 is neither admitted or denied and plaintiff is left to its proofs as to what representations were made. David J. Koss was an insider and aware the initial investment was preliminary and the completion of the product would require additional funding for which he was hired to advise.

16.  Paragraph 16 is neither admitted or denied and plaintiff is left to its proofs as to what representations were made. David J. Koss was an insider and aware the initial investment was preliminary and the completion of the product would require additional funding for which he was hired to advise.

17.  Paragraph 17 is denied as untrue. David J. Koss was an insider and aware the initial investment was preliminary and the completion of the product would require additional funding for which he was hired to advise.

18.  Paragraph 18 is neither admitted or denied. Acquisitions and Exit Advisory Strategies Inc., a Florida Corporation, David J. Koss, its President, was the financial advisor to eAdviser, Inc. a Delaware Corporation is also the President/Principal of Savvy Cie, Inc. which presented the SAFE agreement to the Plaintiff.

19.  In answer to paragraph 19 is denied as untrue. eAdviser, Inc. d/b/a Global Classroom, Inc., a Delaware Corporation, is one and the same and there was no diverting of funds. In accordance with Generally Accepted Accounting Principles (GAAP), all funds allocated for the development of the new eAdviser platform were segregated for accounting and reporting purposes for the investors.

20.  Paragraph 20 is neither admitted or denied and plaintiff is left to its proofs. Savvy Cie, Inc and David J. Koss, its President, did propose that eAdviser convert the SAFE agreement to a loan. Upon reviewing the offer and considering its implications on other investors and shareholders, eAdviser opted to reject David Koss and Savvy Cie's proposal to convert Savvy Cie's SAFE into debt (loan). As a remedy for the plaintiff, eAdviser, Inc proposes to convert its investment into preferred stock.

## COUNT 1 FRAUD IN THE INDUCEMENT
### (AGAINST BOTH DEFENDANTS)

21.  Defendants adopt by reference their answers to paragraphs 1 though 20.

22.  The investment made by plaintiff in the amount of $100,000.00 was accompanied by the SAFE Agreement supplied by Acquisitions and Advisory Strategies Inc and David J. Koss, it's President to Savvy Cie, Inc and the investment is subject to the terms of the agreement.

23.    In answer to paragraph 23, the plaintiff is without information as specifically was stated and the plaintiff is left to its proofs. David J. Koss, its President was the financial advisor to eAdviser, Inc. a Delaware Corporation and Burr Warne. David J. Koss is an insider, who was aware and advisor as to financing, funding and instrumental in the stages of development of the platform being developed.

24.    In answer to paragraph 24, the plaintiff is without information as specifically was stated or represented and the plaintiff is left to its proofs. David J. Koss is an insider, who was aware and advisor as to financing, funding and instrumental in the stages of development of the platform being developed.

25.    In answer to paragraph 25, the plaintiff is without information as specifically was stated or represented and the plaintiff is left to its proofs. David J. Koss is an insider, who was aware and advisor as to financing, funding and instrumental in the stages of development of the platform being developed.

26.    In answer to paragraph 26, the plaintiff is without information as specifically was stated or represented and the plaintiff is left to its proofs. David J. Koss is an insider, who was aware and advisor as to financing, funding and instrumental in the stages of development of the platform being developed.

27.    In answer to paragraph 27, the plaintiff is without information as specifically was stated or represented and the plaintiff is left to its proofs. David J. Koss is an insider, who was aware and advisor as to financing, funding and instrumental in the stages of development of the platform being developed.

28.    Paragraph 28 is denied as untrue.

## AFFIRMATIVE DEFENSES

A.    Defendants allege the parties are governed by a Consulting and Advisory Agreement dated January 30, 2018. Acquisitions and Exit Advisory Strategies Inc., a Florida Corporation, David J. Koss, its President, was the financial advisor to eAdviser Inc. a Delaware Corporation and Burr Warne. David J. Koss is an insider, who was aware and advisor as to financing, business partnerships and alliances, business planning and instrumental in all stages of development of the software for the defendants and eAdviser, Inc.

B.    The parties have agreed that the venue and subject matter jurisdiction are in the State of Delaware and are subject to an Arbitration Agreement.

C.    The defendant, Burr Warne, has not signed or agreed to be a surety or personal guarantee of the financing for eAdviser, Inc. and is not individually liable to plaintiff.

D.    The remedy in this case is set forth in the SAFE Agreement which was presented by Acquisitions and Exit Advisory Strategies Inc., and David Koss, its President, to the Plaintiffs

E.    Plaintiff claim of Fraud is barred by th Statute of Limitations in Virginia

F.    The defendants are in the process of hiring legal counsel and reserve the right to amend or present other defenses when counsel is retained

## PRAYER FOR RELIEF

A.    The allegation of Fraud in the inducement is barred by the Statute of Limitations

B.    The court dismiss the case and award costs and attorney fees to the defendant.

C.    The venue and subject matter jurisdiction is the State of Delaware.

D.    The case is subject to a arbitration agreement in the State of Delaware.

E.    The court grant such other relief that is appropriate.

Dated:  February 14, 2024

eAdviser, Inc.

_____

Burr Warne, its CEO

_____

Burr Warne, individually

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

2024 FEB 14  P 4: 36

_SAVVY CIE, INC_____
                    Plaintiff(s),

                v.                                    Civil Action Number: _24- CV- 102_

_EAdviser + BURR WARNR_____
                    Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of_____.
                                                    (Title of Document)

_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

                            OR

The following attorney(s) prepared or assisted me in preparation of _ANSWER TO COMPLAINT_.
                                                    (Title of Document)

_DAVID WILLIAMS_____
(Name of Attorney)

_EATON RAPIDS, MICHAGAN_.  - REVIEW MY TEXT
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_BURR WARNR_____
(Name of *Pro Se* Party (Print or Type)

_Bur Wn_____
Signature of *Pro Se* Party

Executed on: _02/14/2024_ (Date)